UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. KOWALSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 2013 CV 526 |
| The COUNTY OF DUPAGE, ILLINOIS, | ) | |
| VILLAGE OF WOODRIDGE, | ) | |
| VILLAGE OF LISLE, VILLAGE OF | ) | |
| BLOOMINGDALE, OFFICER KURT | ) | |
| BARBOUR, OFFICER J. SAENZ, | ) | |
| OFFICER ERIC SWANSON, | ) | |
| OFFICER PAGAN, OFFICER LOUDON, | ) | |
| DUPAGE COUNTY SHERIFF JOHN E. | ) | |
| ZARUBA, and the DUPAGE COUNTY | ) | |
| SHERIFF'S OFFICE. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendants County of DuPage, Deputy DuPage County Sheriff Eric Swanson ("Deputy Sheriff Swanson"), Deputy DuPage County Sheriff Kurt Barbour ("Deputy Sheriff Barbour"), DuPage County Sheriff John Zaruba ("Sheriff Zaruba") and the DuPage County Sheriff's Office (collectively "Defendants") to dismiss Counts II, IV, V, VI and VII of Plaintiff Michael Kowalski's ("Kowalski") complaint pursuant to Federal Rule of Civil

1

Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

For the purposes of this motion only, we accept as true the well pleaded allegations of Kowalski's complaint. On August 30, 2012, officers of the DuPage County Sheriff's Office, Village of Lisle Police Department, Village of Woodridge Police Department and Village of Bloomingdale Police Department (collectively "Defendant Officers") executed a search warrant at 850 Front Street, Apt. 1C in Lisle, Illinois. While the warrant was being executed, Kowalski was inside the residence and he was arrested. During the course of the arrest, Defendant Officers violently threw Kowalski to the ground. Kowalski claims that he did not resist arrest, or perform any acts that threatened police officers. As a result of the physical nature of the arrest Kowalski sustained severe injuries to his arm and shoulder.

On June 16, 2013 Kowalski filed an amended complaint alleging: 1) excessive force against Defendant Officers in violation of 42 U.S.C. § 1983 ("§ 1983"); 2) excessive force against Sheriff Zaruba for his failure to train and properly supervise Defendant Officers in violation of § 1983; 3) Illinois state law claim of assault and battery against Defendant Officers; 4) indemnity claim against the County of DuPage; 5) Illinois state law claim of respondeat superior against the County of DuPage; 6) indemnity claim against the DuPage County Sheriff's Office; 7) Illinois state law

claim of respondeat superior against the DuPage County Sheriff's Office. On May 30, 2013 Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the court accepts as true all the factual allegations pled in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Id*. Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo*, 526 F.3d at 1084 (emphasis in original). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

## DISCUSSION

**Count II: Excessive force claim against Sheriff Zaruba**

Sheriff Zaruba claims that Kowalski failed to sufficiently plead facts to support a *Monell* claim. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (a *Monell* claim allows plaintiffs to hold a municipality liable under § 1983 when execution of a government's policy or custom inflicts a constitutional injury). A claim against an individual in his official capacity is actually a claim against the governmental body for which he works. *See Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997). As a governmental body, the Sheriff's Department cannot be held liable for the conduct of its employees under §1983 under the theory of respondeat superior. *See Monell,* 436 U.S. at 691. Kowalski can succeed only by showing that the alleged violation of his constitutional rights occurred as the result of (1) an express policy, (2) a widespread practice, or (3) conduct of a person with final policymaking authority. *McTigue v. City of Chi.*, 60 F.3d 381 (7th Cir. 1995). Sheriff Zaruba claims that Kowalski has failed to sufficiently plead that he established a policy or custom which led to the alleged constitutional deprivation suffered by Kowalski.

Kowalski alleges that Sheriff Zaruba, sued in his official capacity, failed to properly train and supervise Defendant Officers on the appropriate level of force to use in apprehending an individual. This failure, Kowalski asserts, evidences a custom, policy or practice by the County of DuPage and the DuPage County Sheriff's

Office. A claim based upon a failure to properly train or supervise a police force can be established with evidence of either a "failure to provide adequate training in light of foreseeable consequences" or a "failure to act in response to repeated complaints of constitutional violations by its officers." *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029-30 (7th Cir. 2006). In instances where it is not alleged that a particular express policy itself is unconstitutional, "considerably more proof than the single incident will be necessary . . . to establish both the requisite fault on the part of the municipality and the causal connection between [the policy] and the constitutional deprivation." *Calhoun v. Ramsey*, 408 F.3d 375, 380-81 (7th Cir. 2005).

Kowalski merely alleges that Sheriff Zaruba failed to properly train and supervise Defendant Officers on the use of force which evidences a custom, policy or practice. Kowalski only relies on the pleaded incident which he was involved in to serve as evidence of an unconstitutional custom or policy and does not assert other factual incidents which further substantiate the alleged unlawful practices. A claim premised on the unconstitutional nature of a municipality policy requires more evidence than a single incident to establish liability. *City of Okla. v. Tuttle*, 471 U.S. 808, 822-23 (1985). Kowalski may not simply add *Monell* boilerplate allegations and proceed to discovery in the hope of turning up some evidence to support his claims. *Strauss v. City of Chi.*, 760 F.2d 765, 767 (7th Cir. 1985). Kowalski's amended complaint contains no more than a formulaic recitation of the elements of a *Monell*

cause of action which does not satisfy his obligation to plead enough facts to state a claim to relief that is plausible on its face. Accordingly, Sheriff Zaruba's motion to dismiss the claim against him is granted.

**Count IV: Indemnity claim against DuPage County**

DuPage County seeks dismissal from Count IV on the theory that it is not a necessary party to this suit and the Illinois Governmental Employees Tort Immunity Act ("IGETIA") does not require its presence in the suit. Under the IGETIA a local public entity is required to pay tort judgments incurred through the actions of its employees, while acting within the scope of their employment. 745 ILCS 10/9-102.

In resolving a question certified to it by the Seventh Circuit, the Illinois Supreme Court interpreted § 9-102 to require a county to pay for a judgment entered against the county sheriff in his official capacity. *See Carver v. Sheriff of LaSalle Cnty.*, 787 N.E.2d 127, 141 (Ill. 2003). The Illinois Supreme Court reasoned that "[b]ecause the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity." *Id*.

Following the guidance provided by the Illinois Supreme Court, the Seventh Circuit determined that "[a] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer . . . [and] [b]ecause state law requires the county to pay, federal law deems it an indispensable party to the

6

litigation." *Carver v. Sheriff of LaSalle Cnty.,* 324 F.3d 947, 948 (7th Cir. 2003). Based on this precedent, Kowalski has sued Sheriff Zaruba in his official capacity and joins DuPage County as a party. Since Sheriff Zaruba has been dismissed from this case, Kowalski's indemnity claim against DuPage County is improper. DuPage County's motion to dismiss is granted.

**Count V: Respondeat Superior liability of DuPage County**

Kowalski concedes that DuPage County has no liability under respondeat superior and therefore Count V is dismissed.

**Count VI & Count VII: Indemnity claim against DuPage County Sheriff's Office**

Kowalski has sued Deputies Barbour and Swanson in their individual capacities and contends in Counts VI and VII that the DuPage County Sheriff's Office is responsible to pay any judgment against Defendant Officers pursuant to 745 ILCS 10/9-102. The DuPage County Sheriff's Office moves to dismiss all claims against it on the ground that it is not a legal entity and it has no legal existence apart from the Sheriff.

"[F]ederal courts look to state law to determine if a defendant is amenable to suit." Fed. R. Civ. P. 17(b). To be sued in Illinois, a defendant must have a legal existence, either natural or artificial." *DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 977 n.2 (7th Cir. 2003). According to Illinois law, the Sheriff is an

independently-elected constitutional officer. Ill. Const. Art. VII, § 4(c); *Ryan v. Cnty. of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995). "Therefore, the Sheriff's office has a legal existence separate from the county and the State, and is thus a suable entity." *DeGenova*, 209 F.3d at 977 n. 2.

Because the DuPage County Sheriff's Office is a suable entity the question turns to the sufficiency of Kowalski's indemnification claim. An indemnification claim under 745 ILCS 10/9-102 is proper if the defendant, while acting within the scope of his employment, is liable for any of the claims asserted in the plaintiff's complaint. *See Yang v. City of Chi.*, 137 F.3d 522, 525 (7th Cir. 1998). Kowalski's amended complaint alleges that the Deputy Sheriffs Barbour and Swanson committed the acts alleged in the complaint under color of state law and in the scope of their employment. Kowalski has sufficiently pled his indemnification claim against the DuPage County Sheriff's Office. The DuPage County Sheriff's Office motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, Defendants's motion to dismiss is granted in part and denied in part.

_____
Charles P. Kocoras
United States District Judge

Dated:  August 7, 2013